This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MANUEL HERNANDEZ,**

     Worker-Appellee,

**v.**                                                                                  **No. 30,279**

**DILLARDS, INC., and DISCOVER**
**RE PRIMARY WORK COMP. c/o**
**GALLAGHER BASSETT,**

     Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Gordon E. Berman
Las Cruces, NM

for Appellee

Hale & Dixon, P.C.
Timothy S. Hale
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Employer appeals from the workers' compensation judge's (WCJ's) order awarding Worker legal fees on Worker's application for bad faith penalties. Employer raised two issues in its docketing statement: (1) the WCJ erred in his determination that Employer acted in bad faith, and (2) the WCJ erred in relying on evidence produced at trial and should have permitted an additional discovery period on the issue of bad faith. [DS 4] This Court issued a notice of proposed disposition noting that Employer appeared to raise the same issues in this appeal as Employer had raised in its appeal from the compensation order in *Hernandez v. Dillards, Inc.*, No. 30,278, slip op. at 6-8 (N.M. Ct. App. July 26, 2010). We therefore proposed to affirm for the reasons set out in the calendar notice issued by this Court in Case No. 30,278. Both parties filed memorandums in response to this Court's notice of proposed disposition. Having considered the responses of both parties, we affirm.

The WCJ entered an order awarding Worker benefits on November 9, 2009. [RP 176] Worker thereafter filed an application for a bad faith determination. [RP 184-85] A second compensation order was issued by the WCJ on February 19, 2010, in which the WCJ awarded Worker a twenty-five percent increase in benefits based on Employer's bad faith denial of Worker's claim. [RP 244-45] Employer appealed from this order in Case No. 30,278. [RP 247] This Court affirmed the WCJ's determination in an opinion entered on July 26, 2010.

Following the entry of the second compensation order, the WCJ entered an order on March 3, 2010, awarding Worker attorney fees for the prosecution of his bad faith claim. [RP 246] Employer appeals from this order in the present case. In this Court's notice of proposed disposition, we noted that "except for indicating this is an appeal from an award of attorney fees, Employer has raised the same issues as in its appeal from the compensation order—that it should have been provided additional discovery and that the bad faith determination was error." [CN 3] We also noted that our Court had addressed those issues in Employer's appeal from the second compensation order in Case No. 30,278. [Id.]

In its memorandum in opposition, Employer challenges the WCJ's award of legal fees for Worker's bad faith claim on the grounds that Employer had a reasonable basis to refuse to pay Worker's claim—its desire to challenge the current status of the law that would award Worker benefits for aggravation of a pre-existing injury. [MIO 1] Employer argues that, as a result, its actions were not reckless, motivated by fraud, malice or oppression, and were not in reckless disregard of Worker's rights. [Id.] Employer made the same argument in support of its challenge to the twenty-five percent increase in benefits received by Worker. Employer does not argue that the WCJ's determination of bad faith for the legal fee award is any different from the WCJ's determination that bad faith supported the increase in benefits, despite this

3

Court's proposal to rely on the same analysis in our notice of proposed disposition. We therefore look to this Court's memorandum opinion addressing Employer's bad faith arguments in Case No. 30,278, which provides as follows.

> In its memorandum in opposition, Employer argues that the law requiring an employer to pay for the aggravation of long-standing, preexisting injuries should be overturned. It further admits that it "recognizes the long-standing law," but argues that asking a court to review and revisit the law does not constitute bad faith.

> While we agree that simply requesting a court to revisit precedent would not constitute bad faith, we cannot approve the method by which Employer sought to challenge the precedent in this case. We see no reason why Employer could not itself have filed a claim to resolve the dispute while paying benefits under protest and have appealed from an adverse decision. *See, e.g.,* NMSA 1978, § 52-5-5(A) (1993) (permitting any party to file a claim where a dispute arises under the Act); *Salazar v. Torres*, 2007-NMSC-019, ¶ 17, 141 N.M. 559, 158 P.3d 449 (reiterating that any party may file a claim to make a determination as to benefits); *State v. Cherryhomes*, 114 N.M. 495, 498-99, 840 P.2d 1261, 1264-65 (Ct. App. 1992) (noting a duty to comply with court orders until vacated or reversed on appeal). Or, Employer might have done the same in the proceeding initiated by Worker's claim. Perhaps Employer could have sought a stay of any obligation to pay benefits pending appeal. Specific procedures are available to ensure the status quo during appeal. *See, e.g.*, NMSA 1978, § 52-5-8(B) (1989) (stating that decisions by workers' compensation judges are subject to stay proceedings as outlined in the Rules of Civil Procedure for the District Courts); *see also* Rule 1-062(D) NMRA (permitting an appellant to post a supersedeas bond and obtain a stay during appeals proceedings).

> Here, however, Employer simply ceased all payments to Worker in January 2009, even though it admittedly knew it was responsible for the costs associated with Worker's injuries under the law in place at the time of Worker's injury. Employer essentially argues it is not required

to comply with those laws with which it disagrees and should not be held to have placed itself at risk of a claim of bad faith. We cannot agree.

Moreover, we decline Employer's invitation to overturn the longstanding rule regarding payment for the aggravation of preexisting conditions. We note both that we are bound by Supreme Court precedent and also that we have no concerns with the application of that precedent because we believe the current case law on the aggravation of preexisting conditions accurately represents the underlying policy considerations of the Act. *State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47 (explaining that the Court of Appeals is bound by Supreme Court precedent but may alert the Supreme Court to any reservations it might have concerning the application or viability of that precedent). We therefore agree with the WCJ that Employer was without a reasonable basis to deny Worker's claim.

*Hernandez*, No. 30,278, slip op. at 6-8. For these reasons, we reject Employer's reasonable-basis argument and affirm the WCJ's award of attorney fees. To the extent Employer had put forward an argument regarding the prohibition of additional discovery on the issue of bad faith, Employer has not addressed this argument in its memorandum in opposition and we therefore deem it abandoned. *See, e.g.*, *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) (explaining that the "[f]ailure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice").

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we affirm.

5

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**LINDA M. VANZI, Judge**